Filed 8/18/20  P. v. Prasad CA4/3
Opinion following transfer from Supreme Court

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>　　Plaintiff and Respondent,<br><br>　　　　v.<br><br>DHARMENDRA PRASAD,<br><br>　　Defendant and Appellant. | G057152<br>(Consol. with G057154)<br><br>(Super. Ct. Nos. 95WF1183 &<br>98WF0001)<br><br>O P I N I O N |

　　　　　Appeals from orders of the Superior Court of Orange County, Elizabeth G. Macias, Judge.  Reversed and remanded.

　　　　　Arielle Bases, under appointment by the Court of Appeal, for Defendant and Appellant.

　　　　　Xavier Becerra, Attorney General, and Yvette M. Martinez, Deputy Attorney General, for Plaintiff and Respondent.

On October 15, 1996, appellant Dharmendra Prasad pled guilty to charges of unlawfully taking a vehicle (Veh. Code, § 10851). On March 23, 1998, appellant Dharmendra Prasad again pled guilty to charges of unlawfully taking a vehicle (Veh. Code, § 10851) and also pled to grand theft (auto) (Pen. Code, 487(a)).[1] His exposure in terms of penalty on the two cases was 3 years, 8 months of incarceration in the state prison, in addition to whatever he received for violating two earlier probationary grants. Under the terms of his plea bargain, he was sentenced to two years in state prison. Over the years, appellant has filed various motions seeking to overturn or challenge the consequences of those pleas, apparently due to their immigration consequences, but to no avail.

His most recent attempt was the filing of motions pursuant to sections 1016.5 and 1473.7, filed in December of 2018. Those were denied without a hearing. We appointed counsel to represent appellant. Counsel filed a brief in which she set forth the procedural facts of the case (the facts of the crimes themselves are irrelevant because the argument is solely directed at the validity of appellant's plea and no challenge pertaining to any facts of the crime is mounted).

Counsel did not argue against her client but advised us there were no issues to argue on his behalf. Appellant was invited to express his own objections to the proceedings against him and did so with identical briefs. We reviewed those briefs. We were also required to review the record and see if *we* could find any issues that might result in some kind of amelioration of appellant's lot. (*People v. Wende* (1979) 25 Cal.3d 436.) It should be emphasized that our search was not for issues upon which appellant *would* prevail, but only issues upon which he *might possibly* prevail.

---

[1] All further statutory references are to the Penal Code.

2

We did so. And having done so, we ordered counsel to brief the following issue: Does section 1473.7 provide for a stand-alone motion separate from habeas corpus rules and proceedings, and if so, was appellant entitled to a hearing under that statute.

However, we did not realize we were dealing with two different cases. We thought we had one case which had been incorrectly numbered as two different appeals – probably because of the supplemental brief by appellant, filed after his counsel's *Wende* submission. Fortunately, appointed counsel brought this to the attention of the Supreme Court and the matter was remanded to us.

So we consolidated the two cases for determination of the issue we raised since it seems to be identical in both cases. The appeal is from the denial of the section 1473.7 motions. Prasad filed a separate appeal from the denial of the section 1016.5 motion. The two cases have been consolidated; our determination that error was committed in the denial of a hearing on the section 1473.7 motion makes it unnecessary for us to reach the section 1016.5 argument.

Prasad, his appointed counsel, and the Attorney General are now in agreement that Prasad was entitled to a hearing to determine the merits of his section 1473.7 motion. No such hearing was held in this case. As the Attorney General concedes, "[S]ection 1473.7 provides for a stand-alone motion separate from habeas corpus rules and proceedings, and [] the trial court denied appellant's right to a hearing under that statute when it denied the motion without conducting an adequate hearing." Appellant is entitled to be represented by counsel at that hearing.

The orders denying appellant's motion to vacate his convictions are therefore reversed and the matter is remanded for the trial court to conduct a hearing pursuant to section 1473.


BEDSWORTH, J.

WE CONCUR:


O'LEARY, P. J.


THOMPSON, J.